**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3500
_____

DUANE GUESS,
                                        Appellant

v.

WARDEN ROBERT WERLINGER; U.S. DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 10-cv-00182 )
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2011

Before:  FUENTES, GREENAWAY, JR. and ROTH, Circuit Judges

(Opinion filed: April 5, 2011)

_____

OPINION
_____

PER CURIAM

        Duane Guess filed a habeas petition pursuant to 28 U.S.C. § 2241 in District

Court.  Serving a sentence of 240 months, he stated that his projected release date is in

1

August 2012 and that he expected to be reviewed for prerelease custody options at approximately 17 to 19 months before his projected release date. He requested that the Bureau of Prisons ("BOP") conduct his individualized review under 18 U.S.C. § 3621 immediately so that he could be afforded 18 months in the prerelease custodial arrangements described in 18 U.S.C. § 3624. He also asked the BOP be directed to show cause why the writ should not be granted.

A Magistrate Judge screened the petition and recommended that it be dismissed as meritless and for failure to exhaust administrative remedies. More specifically, the Magistrate Judge noted that the District Court does not issue writs to have the BOP justify why it had not conducted Guess's review sooner. The Magistrate Judge also stated that to the extent Guess wanted the District Court to grant him 18 months in a halfway house or home confinement, he had not exhausted his administrative remedies as to that claim. The Magistrate Judge noted that Guess had completed only the first stage of the administrative review process before filing suit.

Guess filed objections. He again requested an immediate prerelease review by the BOP. He also conceded that he had not exhausted his administrative remedies. He argued that his claim should be heard nonetheless because exhaustion would be futile given that he was challenging the validity of the BOP's regulation not its application. Expanding on his argument, Guess contended that the BOP's policy of refusing to conduct a prelease evaluation before 17 to 19 months before a projected release date is invalid and violates 18 U.S.C. §§ 3621(b) & 3624(c). He also stated that the BOP's

2

decision to wait to hold his hearing was invalid as to him and contrary to the individualized determinations intended by statute.

The District Court denied Guess's objections, specifically rejecting his argument that he should be excused from exhausting his administrative remedies. The District Court also noted that Guess had offered nothing to suggest that the BOP has abused or will abuse its discretion in determining his prerelease custody placement. The District Court then adopted the Magistrate Judge's report and recommendation as its opinion. Guess appeals.

In his brief, Guess challenges the validity of the BOP's policy of waiting until 17 to 19 months before a prisoner's release to conduct the hearing on prerelease custody. He claims that he is not challenging the application of the regulations, but he also contends that the BOP erred in denying his request for a review before 17 to 19 months and asks us to order the BOP to conduct an immediate review in his case. In response to the Government's contention that Guess's petition was properly dismissed for failure to exhaust, Guess states that he succeeded in exhausting his administrative remedies after the District Court ruled. In addition to pursuing the exhaustion argument, the Government states that Guess's petition lacked merit.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's legal conclusions is plenary. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000).

We conclude that, in part, Guess challenged and continues to challenge the validity

3

of the BOP policy that sets the prerelease custody hearing at 17 to 19 months before the projected release date.  He presents a challenge that sounds in habeas under § 2241 because he alleges that the time of the hearing forecloses a prerelease custodial placement of 18 months, the amount of time that he says is available under law.  That is, Guess's challenge implicates the execution  of his sentence.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005).

To the extent that Guess contested the validity of the BOP's policy, he did not need to exhaust his administrative remedies.  See Woodall, 432 F.3d at 239 n.2.  However, the District Court did not err in concluding the claim lacks merit.  Guess's claim fails because it proceeds from a misunderstanding of 18 U.S.C. § 3624.  The statute provides up to 12 months in the prerelease custodial arrangements it describes.  See Krueger v. Martinez, 665 F. Supp. 2d 477, 480 (M.D. Pa. 2009).  More specifically, the statute provides generally for the following prerelease custody:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  The authority for prerelease custody found in subsection (c) includes the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  See id. at § 3624(c)(2).  The 6 months of home confinement is not additional to the 12 months of prerelease custody.

We also reject Guess's contention that the scheduling of the prerelease hearing at 17 to 19 months before a projected release date runs afoul of 18 U.S.C. § 3621(b). In this provision, section 3621 sets forth the factors that the BOP must consider when exercising its discretion in determining prerelease custody under § 3624(c). See Woodall, 432 F.3d at 251. As Guess states, the determination must be individualized for each prisoner. See id. at 248. However, because the 18 month period that Guess describes is not available under § 3624(c), a hearing at 17 to 19 months before a projected release date does not fail to take into account individual circumstances (such as the circumstances he describes, a supposed entitlement to 18 months of prerelease custody).

Guess also filed his habeas petition to take issue with how the policy was applied to him. He appears to seek a hearing in advance of 17 to 19 months before the end of his sentence or even release into one of the prerelease custodial options at 18 months before his projected release date. To some extent, the passage of time has made his claims moot: we are within 18 months of his projected release date. To the extent they are not moot, he is not entitled to relief on them anyway because he did not exhaust his administrative remedies. He conceded as much in the District Court. Although he filed a document on appeal in which he asserted that he took additional steps to exhaust his administrative remedies after the District Court ruled, he did not exhaust his claims before he filed his petition. In any event, under the circumstances at issue, the BOP's policy does not violate 18 U.S.C. § 3621(b) or § 3624(c), as we explained above.

For the reasons given, we will affirm the District Court's judgment.